# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

U.S.A. DAWGS, INC., )  Case No. 2:17-cv-02054-JCM-NJK
          Plaintiff(s), )  ORDER
vs. )  (Docket No. 14)
CROCS, INC., *et al.*, )
          Defendant(s). )

Pending before the Court is the motion to seal an exhibit attached to Defendants' motion for sanctions. Docket No. 14; *see also* Docket Nos. 15, 16 (unsealed and sealed motions for sanctions, respectively). Plaintiff has filed a response. Docket No. 18. No reply has been filed. For the reasons discussed below, the motion to seal is hereby **DENIED** without prejudice.

## I.  STANDARDS

The Ninth Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178).

The standard applicable to a motion to seal turns on whether the sealed materials are submitted in conjunction with a dispositive or a non-dispositive motion. Whether a motion is "dispositive" turns on "whether the motion at issue is more than tangentially related to the underlying cause of action." *See Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), *cert. denied*, 137

S.Ct. 38 (2016). Parties seeking to maintain the confidentiality of documents attached to non-dispositive motions must make a "particularized showing" of "good cause." *See Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1137). Parties "who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1180. Those compelling reasons must outweigh the competing interests of the public in having access to the judicial records and understanding the judicial process. *Id.* at 1178-79; *see also Pintos*, 605 F.3d at 679 & n.6 (court must weigh "relevant factors," including the public's interest in understanding the judicial process).

The Ninth Circuit has indicated that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.'" *Kamakana*, 447 F.3d at 1179 (citing *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978)); *see also Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221-22 (Fed. Cir. 2013) (applying Ninth Circuit law regarding competitive harm to business and the definition of "trade secret"). On the other hand, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136).

The burden to show compelling reasons for sealing is not met by general assertions that the information is "confidential" or a "trade secret," but rather the movant must "articulate compelling reasons supported by specific factual findings." *Id.* at 1178. The Ninth Circuit has rejected efforts to seal documents under the "compelling reasons" standard based on "conclusory statements about the contents of the documents–that they are confidential and that, in general," their disclosure would be harmful to the movant. *Kamakana*, 447 F.3d at 1182; *see also Vaccine Ctr. LLC v. GlaxoSmithKline LLC*, 2013 U.S. Dist Lexis 68298, *5-6 (D. Nev. May 14, 2013) (finding insufficient general assertions regarding confidential nature of documents). Such "conclusory offerings do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Kamakana*, 447 F.3d at 1182. In allowing the sealing of a document, the Court must "articulate the basis for its ruling,

without relying on hypothesis and conjecture." *See, e.g.*, *Pintos*, 605 F.3d at 679 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

Lastly, any request to seal documents must be "narrowly tailored" to remove from the public sphere only the material that warrants secrecy. *E.g.*, *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016) (citing *Press-Enterprise Co. v. Superior Court of Cal.*, 464 U.S. 501 (1986)). As a corollary, to the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz*, 331 F.3d at 1137; *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material").

## II. ANALYSIS

The exhibit at issue is an e-mail that allegedly contains confidential trade secret information. Docket No. 18 at 2. It was previously provided to Defendant Crocs, Inc. and marked by Plaintiff as "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" in accordance to a protective order issued by the District of Colorado in pending litigation between the parties. *See Crocs, Inc., v. Effervescent, Inc.*, No. 06-cv-00605-PAB-KMT, Docket No. 272 (D. Colo. filed April 3, 2006); *see also* Docket Nos. 14 at 1, 18 at 2.

Defendants and Plaintiff have failed to cite any legal authority making the distinction to determine the standard applicable to the motion to seal. Instead, Defendants' motion to seal and Plaintiff's response rely solely on the grounds that the document was designated as confidential under a protective order issued by the District of Colorado. Docket Nos. 14 at 1, 18 at 2. The protective order issued by the District of Colorado did not rule specifically on the e-mail at issue and, therefore, "is by nature overinclusive." *Foltz*, 331 F.3d at 1138; *see also Crocs, Inc., v. Effervescent, Inc.*, No. 06-cv-00605-PAB-KMT, Docket No. 272 (D. Colo. filed April 3, 2006). The fact that a court has entered a blanket stipulated protective order and that a party has designated a document as confidential pursuant to that protective order does not, standing alone, establish sufficient grounds to seal a filed document. *See id.* at 1133; *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

In light of the above, the motion to seal is **DENIED** without prejudice. Docket No. 14. Nonetheless, given that the motion attaches the subject exhibit for which sealing is sought, the Clerk's Office is **INSTRUCTED** to continue to maintain Docket No. 16 under seal for the time being. Any renewed motion to seal, addressing the proper standards, shall be filed no later than September 28, 2017. If no renewed motion is filed by that date, the Court may unseal Docket No. 16.

IT IS SO ORDERED.

DATED: September 21, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge