| | |
|---|---|
| USA DAWGS, INC., | Case No. 2:17-cv-02054-JCM-NJK |
| Plaintiff, | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| CROCS, INC, *et al.*, | |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 26, Plaintiff U.S.A. Dawgs, Inc., Defendants Crocs, Inc., Kim Lawrie, Erik Rufer, and Kelly Gray (each individually, a "Party"; collectively, "the Parties") hereby stipulate and agree, and request that the Court enter, the following Protective Order governing the production and use of confidential information in this action.

## I.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; LR IA 10-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## II.   DEFINITIONS

A.   Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

B. "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information, or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

C. Counsel:  Outside Counsel of Record, and House Counsel (as well as their support staff).

D. Designating Party:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

E. Disclosure or Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

F. Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

G. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: Extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

H. House Counsel:  Attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

I. Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

J. Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that

party or are associated with a law firm which has appeared on behalf of that party.

K. <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

L. <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

M. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

N. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

O. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

## III. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## IV. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect, except with respect to those documents and information that become a matter of

3

1 public record, until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final

2 disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this action, with or

3 without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals,

4 rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or

5 applications for extension of time pursuant to applicable law.

6 **V.     DESIGNATING PROTECTED MATERIAL**

7      A.     Exercise of Restraint and Care in Designating Material for Protection.

8      Each Party or Non-Party that designates information or items for protection under this Order must

9 take care to limit any such designation to specific material that qualifies under the appropriate standards. To

10 the extent it is practical to do so, the Designating Party must designate for protection only those parts of

11 material, documents, items, or oral or written communications that qualify – so that other portions of the

12 material, documents, items, or communications for which protection is not warranted are not swept

13 unjustifiably within the ambit of this Order.

14      Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be

15 clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or

16 retard the case development process or to impose unnecessary expenses and burdens on other Parties)

17 expose the Designating Party to sanctions.

18      If it comes to a Designating Party's attention that information or items that it designated for

19 protection do not qualify for protection at all or do not qualify for the level of protection initially asserted,

20 that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

21 The Party shall then reissue the document(s) removing the incorrect designation status.

22      B.     Manner and Timing of Designations.

23      Except as otherwise provided in this Order (see, e.g., second paragraph of B(1) below), or as

24 otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this

25 Order must be clearly so designated before the material is disclosed or produced.

26      Designation in conformity with this Order requires:

27          (1)     for information in documentary form (e.g., paper or electronic documents, but

28 <center>4</center>

excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(2)     for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 30 days after being notified by the reporter that the transcript is available in which to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the

provisions of this Stipulated Protective Order.

Parties shall give the other Parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals (who, where required, have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A)) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the transcript shall include, once provided by the Designating Party, a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the 30-day period for designation shall be treated during that period as if it had been designated with the level of protection asserted on the record. After the expiration of that period, the transcript shall be treated only as actually designated.

(3) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

C.     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**VI.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

A. <u>Timing of Challenges.</u>  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

B. <u>Initiation of Challenges.</u>  Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on counsel of record for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection. The Parties shall attempt to resolve each challenge in good faith and the Receiving Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.

C. <u>Judicial Intervention.</u>  If the Parties cannot resolve a challenge without court intervention, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation. The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.

Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

## VII.  <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

A. <u>Basic Principles.</u>  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of

7

persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section XIII below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

B.    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(1)    the Receiving Party's Outside Counsel of Record in this action, as well as their support staff, which may include both attorneys and non-attorneys, who do not participate in competitive decision making, who reasonably need access to Protected Material..

(2)    the Receiving Party's House Counsel as well as their support staff, which may include both attorneys and non-attorneys, who do not participate in competitive decision making, who reasonably need access to Protected Material.;

(3)    the officers and directors of the Receiving Party to whom disclosure is reasonably necessary for this litigation; provided that at least seven (7) calendar days prior to such access being given, such an individual's name and title has been disclosed to the Producing Party in writing, along with a copy of the signed "Acknowledgment and Agreement to Be Bound" (Exhibit A). If a party objects to the identified individual, the party shall make its objections known within seven (7) calendar days of receipt of the written disclosure. If such an objection is made, the Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve the objection, the Receiving Party can then seek permission from the Court to disclose information to that individual under the terms of this Protective Order, and the Producing Party shall have the burden of proving that the information should not be disclosed;

(4)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation; provided that at least seven (7) calendar days prior to such access being given, such an individual's name, a current curriculum vitae, the title and a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition, has been

disclosed to the Producing Party in writing, along with a copy of the signed "Acknowledgment and Agreement to Be Bound" (Exhibit A). If a party objects to the identified individual, the party shall make its objections known within seven (7) calendar days of receipt of the written disclosure. If such an objection is made, the Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve the objection, the Receiving Party can then seek permission from the Court to disclose information to that individual under the terms of this Protective Order, and the Producing Party shall have the burden of proving that the information should not be disclosed;

          (5)     the Court and its personnel;

          (6)     independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services (provided that the jury or trial consultant has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), which shall be maintained by the counsel that retained the jury or trial consultant, but need not be served on the other Parties), and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

          (7)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

        C.      Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to the individuals listed in this Section VII paragraphs: B(1) and B(2), but only after completion of the disclosure procedures specified in paragraph B(3) above for each individual to which such information is to be disclosed; B(4); B(5); B(6); and B(7).

        Absent the consent of the Designating Party or a Court order finding good cause, information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be disclosed to employees or representatives of a Receiving Party who are involved in competitive decision-making.

**VIII.**  **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

A.      promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

B.      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

C.      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## IX.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

A.      The terms of this Order are applicable to information produced by a Non- Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

B.      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

C. If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## X. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## XI. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior

privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the court.

**XII.     MISCELLANEOUS**

A.     <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

B.     <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

See order issued concurrently herewith.

D.     <u>Use of Protected Material at Depositions</u>.  Nothing contained herein shall be construed to prejudice any Party's right to use any Protected Material in taking testimony at any deposition or hearing provided that the Protected Material is only disclosed to a person(s) who is: (i) eligible to have access to the Protected Material by virtue of his or her employment with the Designating Party; (ii) identified in the Protected Material as an author, addressee, or copy recipient of such information; (iii) although not identified as an author, addressee, or copy recipient of such Protected Material, has, in the ordinary course of business, seen such Protected Material; (iv) a current or former officer, director, or employee of the

12

Designating Party or a current or former officer, director, or employee of a company affiliated with the Designating Party; (v) court reporters and videographers; (vi) the Court; (vii) any witness designated as a Rule 30(b)(6) witness by the Designating Party on a topic related to the Protected Material; or (viii) other persons entitled under this Protective Order to access Protected Material.

Protected Material shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the Producing Party or from the Court.

E. Trial. This Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any Protected Material into evidence at the trial of this Action, or from using any information contained in Protected Material at the trial of this Action, subject to any pretrial order issued by this Court.

F. Advice by Counsel. Nothing in this Protective Order shall bar or otherwise restrict counsel who is authorized to access Protected Material from rendering advice to his or her client with respect to the litigation, and in the course thereof, from generally relying upon his or her examination of that Protected Material. In rendering such advice or in otherwise communicating with the client, counsel shall not disclose the specific content of any Protected Material where such disclosure would not otherwise be permitted under the terms of this Protective Order.

## XIII. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that: (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

13

memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section IV (DURATION).

      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


Dated:  October 10, 2017               Respectfully submitted,


*/s/ Christopher Hellmich*
_____
Christopher Hellmich (appearing *pro hac vice*)
HELLMICH LAW GROUP, PC
5753-G E. Santa Ana Canyon Rd., #512
Anaheim Hills, CA 92807
T: 949.287.5708
F: 714.974.7733 - Fax
E: chellmich@hellmichlaw.com

Joel Z. Schwarz
DICKINSON WRIGHT, PLLC
8363 W. Sunset Rd., Suite 200
Las Vegas, Nevada 89113
T: 702.550.4437
F: 844.670.6009
E: jschwarz@dickinsonwright.com


*Attorneys For Plaintiff U.S.A. DAWGS, INC.*

1     Dated:  October  6, 2017          /s/ *Michael A. Berta*
2                                 Michael A. Berta
                                      ARNOLD & PORTER KAYE
3                                       SCHOLER LLP
                                      Three Embarcadero Center
4                                       10th Floor
                                      San Francisco, CA 94111
5                                       T: 415.471.3100
                                      F: 415.471.3400
6                                       E: michael.berta@aporter.com

7                                       *Attorneys For Defendants, CROCS, INC, KIM*
8                                       *LAWRIE, KELLY GRAY, and ERIK RUFER*

9

10

11     IT IS SO ORDERED.

12     Dated: October 12, 2017

13

14

15                                                       
16                                       UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I,_____, acknowledge and declare that I have received and understand the Stipulated Protective Order ("Order") in *U.S.A. Dawgs, Inc. v. Crocs, Inc, et al,* United States District Court, District of Nevada, Case No. 2:17-cv-02054-JCM-NJK. Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description:

_____

_____

Name of Company of Firm: _____

Address: _____

Dated: _____

Printed name: _____

Signature: _____

16